SCOTT J. SPOLIN, SBN 48724
BRIAN E. SHEAR, SBN 126332
SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
Tel.:   (310) 586-2423
Fax:   (310) 586-2455
Email: spolin@sposilco.com
Email: shear@sposilco.com

Attorneys for Defendants
John Hughes, Pauline Ts'o,
CCC Diagnostics LLC, 2100 Grand, LLC
and Rhythm & Hues Sdn. Bhd

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>AWTR LIQUIDATION INC., f/k/a RHYTHM AND HUES INC.,<br><br>      Debtor.<br>_____<br>SOLUTION TRUST, as Trustee of the AWTR LIQUIDATION TRUST,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN PATRICK HUGHES, PAULINE TS'O, KEITH GOLDFARB, LEE BERGER, PRASHANT BUYYALA, RAYMOND FEENEY, DAVID WEINBERG, CCC DIAGNOSTICS LLC, RHYTHM & HUES SDN. BHD, and 2100 GRAND LLC,<br><br>      Defendants. | Case No.  2:13-bk-13775-NB<br><br>Chapter 11<br><br>Adv. No. 2:15-ap-01095-NB<br><br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

Defendants John Hughes, Pauline Ts'o, CCC Diagnostics LLC, 2100 Grand, LLC and Rhythm & Hues Sdn. Bhd (collectively referred to as "Defendants", where appropriate) answer the First Amended Complaint of Solution Trust, as Trustee (the "Trustee") of AWTR Liquidation Trust, as follows:

1.    Answering the allegations of Paragraph 1 of the First Amended Complaint, Defendants admit that Rhythm & Hues, Inc. ("R&H") offered visual effects and computer generated animation services, that it worked on Hollywood feature films, and that it won awards for its work. Except as so admitted, Defendants deny generally and specifically each and every other allegation contained in said paragraph.

2.    Answering the allegations of Paragraph 2 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

3.    Answering the allegations of Paragraph 3 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

4.    Answering the allegations of Paragraph 4 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

5.    Answering the allegations of Paragraph 5 of the First Amended Complaint, Defendants admit that R&H filed for bankruptcy. Except as so admitted, Defendants deny generally and specifically each and every other allegation contained in said paragraph.

6.    Answering the allegations of Paragraph 6 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

7.    Defendants admit the allegations contained in Paragraph 7 of the First

2

ANSWER TO FIRST AMENDED COMPLAINT

1   Amended Complaint.

2       8.    Answering the allegations of Paragraph 8 of the First Amended Complaint,

3   Defendants state and allege that Pauline Ts'o has not acted as Art Director since

4   approximately 2003 and was not HR manager until approximately the beginning of

5   2013. Except as so stated, Defendants admit the allegations contained in Paragraph 8 of

6   the First Amended Complaint.

7       9.    Answering the allegations of Paragraph 9 of the First Amended Complaint,

8   Defendants admit that Keith Goldfarb was a member of R&H's Board of Directors.

9   Except as so admitted, Defendants lack sufficient knowledge or information to form a

10  belief as to the truth of the allegations contained in said paragraph and on that basis

11  deny generally and specifically each and every allegation contained in said paragraph.

12      10.   Answering the allegations of Paragraph 10 of the First Amended

13  Complaint, Defendants deny generally and specifically each and every allegation

14  contained in said paragraph.

15      11.   Answering the allegations of Paragraph 11 of the First Amended

16  Complaint, Defendants admit that Lee Berger was a member of R&H's Board of

17  Directors, an officer and President of R&H's Film Division. Except as so admitted,

18  Defendants lack sufficient knowledge or information to form a belief as to the truth of

19  the allegations contained in said paragraph and on that basis deny generally and

20  specifically each and every allegation contained in said paragraph.

21      12.   Answering the allegations of Paragraph 12 of the First Amended

22  Complaint, Defendants admit that Prashant Buyyala was a member of R&H's Board of

23  Directors, an officer and Managing Director of R&H's International Operations. Except

24  as so admitted, Defendants lack sufficient knowledge or information to form a belief as

25  to the truth of the allegations contained in said paragraph and on that basis deny

26  generally and specifically each and every allegation contained in said paragraph.

27      13.   Answering the allegations of Paragraph 13 of the First Amended

28

SPOLIN COHEN MANZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

3

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

Complaint, Defendants admit that Raymond Feeney was a member of R&H's Board of Directors. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

14.     Answering the allegations of Paragraph 14 of the First Amended Complaint, Defendants admit that David Weinberg was a member of R&H's Board of Directors, an officer and R&H's Chief Financial Officer. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

15.     Answering the allegations of Paragraph 15 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

16.     Answering the allegations of Paragraph 16 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

17.     Answering the allegations of Paragraph 17 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

18.     Defendants admit that RHM is a Malaysian corporation with its principal place of business in Malaysia, that RHM is owned by Hughes, Ts'o and Goldfarb and that RHM was later renamed Tau Films Snd Bhd. Except as so admitted, Defendants deny generally and specifically each and every other allegation contained in said paragraph.

19.     Paragraph 19 of the First Amended Complaint contains a legal conclusion, to which no response is required.

ANSWER TO FIRST AMENDED COMPLAINT

20.    Answering the allegations of Paragraph 20 of the First Amended Complaint, Defendants admit that the Court has personal jurisdiction over these answering Defendants. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every other allegation contained in said paragraph.

21.    Paragraph 21 of the First Amended Complaint contains a legal conclusion, to which no response is required.

22.    Answering the allegations of Paragraph 22 of the First Amended Complaint, Defendants admit that R&H offered visual effects and computer generated animation services, that it worked in the entertainment industry, and that it employed many employees at various locations. Except as so admitted, Defendants deny generally and specifically each and every other allegation contained in said paragraph.

23.    Defendants admit the allegations contained in Paragraph 23 of the First Amended Complaint.

24.    Defendants admit the allegations contained in Paragraph 24 of the First Amended Complaint.

25.    Answering the allegations of Paragraph 25 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

26.    Answering the allegations of Paragraph 26 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

27.    Answering the allegations of Paragraph 27 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

28.    Answering the allegations of Paragraph 28 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

29.    Answering the allegations of Paragraph 29 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

30.    Answering the allegations of Paragraph 30 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

31.    Answering the allegations of Paragraph 31 of the First Amended Complaint, Defendants admit that the CCCD Note Agreement and the First CCCD Note read as they do. Except as so admitted, Defendants deny generally and specifically each and every allegation contained in said paragraph.

32.    Answering the allegations of Paragraph 32 of the First Amended Complaint, Defendants admit that the First CCCD Note and Second CCCD Note read as they do. Except as so admitted, Defendants deny generally and specifically each and every allegation contained in said paragraph.

33.    Answering the allegations of Paragraph 33 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

34.    Answering the allegations of Paragraph 34 of the First Amended Complaint, Defendants admit that the Third CCCD Note and Fourth CCCD Note read as they do. Except as so admitted, Defendants deny generally and specifically each and every allegation contained in said paragraph.

35.    Answering the allegations of Paragraph 35 of the First Amended Complaint, Defendants admit that CCCD did not make any interest payments and that there was concern about CCCD's financial status. Except as so admitted, Defendants

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

1  lack sufficient knowledge or information to form a belief as to the truth of the

2  allegations contained in said paragraph and on that basis deny generally and specifically

3  each and every other allegation contained in said paragraph.

4      36.    Answering the allegations of Paragraph 36 of the First Amended

5  Complaint, Defendants state and allege that just prior to the death of Dr. Ts'o Hughes

6  was appointed to the board of directors and that after Dr. Ts'o died Hughes was

7  appointed President. Except as so admitted, Defendants deny generally and specifically

8  each and every other allegation contained in said paragraph.

9      37.    Answering the allegations of Paragraph 37 of the First Amended

10  Complaint, Defendants lack sufficient knowledge or information to form a belief as to

11  the truth of the allegations contained in said paragraph and on that basis deny generally

12  and specifically each and every allegation contained in said paragraph.

13      38.    Answering the allegations of Paragraph 38 of the First Amended

14  Complaint, Defendants admit that the email reads as it does. Except as so admitted,

15  Defendants deny generally and specifically each and every allegation contained in said

16  paragraph.

17      39.    Answering the allegations of Paragraph 39 of the First Amended

18  Complaint, Defendants deny generally and specifically each and every allegation

19  contained in said paragraph.

20      40.    Answering the allegations of Paragraph 40 of the First Amended

21  Complaint, Defendants admit that Hughes proposed that he cash out his personal PTO

22  benefits in order to attempt to preserve R&H's investment in CCCD and that the email

23  reads as it does. Except as so admitted, Defendants deny generally and specifically each

24  and every allegation contained in said paragraph.

25      41.    Answering the allegations of Paragraph 41 of the First Amended

26  Complaint, Defendants admit that there were communications between Weinberg and

27  Hughes concerning valuation for the purpose of conversion of CCCD notes to equity

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

1  and that the email reads as it does. Except as so admitted, Defendants deny generally

2  and specifically each and every allegation contained in said paragraph.

3      42.    Answering the allegations of Paragraph 42 of the First Amended

4  Complaint, Defendants admit that the CCCD Transfers read as they do. Except as so

5  admitted, Defendants deny generally and specifically each and every allegation

6  contained in said paragraph.

7      43.    Answering the allegations of Paragraph 43 of the First Amended

8  Complaint, Defendants admit that Hughes believed that CCCD's product could have

9  tremendous value once commercialized and marketed and that the private placement

10  memorandum reads as it does. Except as so admitted, Defendants deny generally and

11  specifically each and every other allegation contained in said paragraph.

12      44.    Answering the allegations of Paragraph 44 of the First Amended

13  Complaint, Defendants deny generally and specifically each and every allegation

14  contained in said paragraph.

15      45.    Answering the allegations of Paragraph 45 of the First Amended

16  Complaint, Defendants deny generally and specifically each and every allegation

17  contained in said paragraph.

18      46.    Answering the allegations of Paragraph 46 of the First Amended

19  Complaint, Defendants admit that Hughes volunteered R&H's employees to re-design

20  the CCCD website. Except as so admitted, Defendants deny generally and specifically

21  each and every other allegation contained in said paragraph.

22      47.    Answering the allegations of Paragraph 47 of the First Amended

23  Complaint, Defendants admit that the email reads as it does. Except as so admitted,

24  Defendants deny generally and specifically each and every allegation contained in said

25  paragraph.

26      48.    Answering the allegations of Paragraph 48 of the First Amended

27  Complaint, Defendants deny generally and specifically each and every allegation

28

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

1  contained in said paragraph.

2      49.    Answering the allegations of Paragraph 49 of the First Amended

3  Complaint, Defendants deny generally and specifically each and every allegation

4  contained in said paragraph.

5      50.    Answering the allegations of Paragraph 50 of the First Amended

6  Complaint, Defendants admit that the Memorandum of Understanding ("MOU") reads

7  as it does. Except as so admitted, Defendants deny generally and specifically each and

8  every allegation contained in said paragraph.

9      51.    Answering the allegations of Paragraph 51 of the First Amended

10  Complaint, Defendants admit that the proof of claim reads as it does. Except as so

11  admitted, Defendants deny generally and specifically each and every allegation

12  contained in said paragraph.

13      52.    Answering the allegations of Paragraph 52 of the First Amended

14  Complaint, Defendants admit that Hughes' testimony reads as it does. Except as so

15  admitted, Defendants deny generally and specifically each and every allegation

16  contained in said paragraph.

17      53.    Answering the allegations of Paragraph 53 of the First Amended

18  Complaint, Defendants admit that Hughes' testimony reads as it does. Except as so

19  admitted, Defendants deny generally and specifically each and every allegation

20  contained in said paragraph.

21      54.    Answering the allegations of Paragraph 54 of the First Amended

22  Complaint, Defendants deny generally and specifically each and every allegation

23  contained in said paragraph.

24      55.    Answering the allegations of Paragraph 55 of the First Amended

25  Complaint, Defendants deny generally and specifically each and every allegation

26  contained in said paragraph.

27      56.    Answering the allegations of Paragraph 56 of the First Amended

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

9

ANSWER TO FIRST AMENDED COMPLAINT

1  Complaint, Defendants admit that in or about March 2009, R&H entered into an
2  agreement to purchase real property located at 2100 East Grand Avenue in El Segundo,
3  California (the "2100 Grand Property") and that the documents related to that
4  transaction read as they do. Except as so admitted, Defendants deny generally and
5  specifically each and every allegation contained in said paragraph.

6      57.    Answering the allegations of Paragraph 57 of the First Amended
7  Complaint, Defendants admit that in or about March 2009, R&H entered into an
8  agreement to purchase the 2100 Grand Property and that the documents related to that
9  transaction read as they do. Except as so admitted, Defendants deny generally and
10  specifically each and every allegation contained in said paragraph.

11     58.    Answering the allegations of Paragraph 58 of the First Amended
12  Complaint, Defendants admit that in or about March 2009, R&H entered into an
13  agreement to purchase the 2100 Grand Property and that the documents related to that
14  transaction read as they do. Except as so admitted, Defendants deny generally and
15  specifically each and every allegation contained in said paragraph.

16     59.    Answering the allegations of Paragraph 59 of the First Amended
17  Complaint, Defendants admit that in or about May 2009, R&H entered into a master
18  lease agreement for the 2100 Grand Property, that the documents related to that
19  transaction read as they do and that Hughes' testimony reads as it does. Except as so
20  admitted, Defendants deny generally and specifically each and every allegation
21  contained in said paragraph.

22     60.    Answering the allegations of Paragraph 60 of the First Amended
23  Complaint, Defendants deny generally and specifically each and every allegation
24  contained in said paragraph.

25     61.    Answering the allegations of Paragraph 61 of the First Amended
26  Complaint, Defendants admit that the 2100 Grand Notes, as amended, read as they do.
27  Except as so admitted, Defendants deny generally and specifically each and every

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

10

ANSWER TO FIRST AMENDED COMPLAINT

allegation contained in said paragraph.

62.    Answering the allegations of Paragraph 62 of the First Amended Complaint, Defendants admit that in or about 2013, the 2100 Grand Property was sold. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every other allegation contained in said paragraph.

63.    Answering the allegations of Paragraph 63 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

64.    Answering the allegations of Paragraph 64 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

65.    Answering the allegations of Paragraph 65 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

66.    Answering the allegations of Paragraph 66 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

67.    Answering the allegations of Paragraph 67 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

68.    Answering the allegations of Paragraph 68 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

69.    Answering the allegations of Paragraph 69 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

11
ANSWER TO FIRST AMENDED COMPLAINT

1  contained in said paragraph.

2      70.    Answering the allegations of Paragraph 70 of the First Amended

3  Complaint, Defendants deny generally and specifically each and every allegation

4  contained in said paragraph.

5      71.    Answering the allegations of Paragraph 71 of the First Amended

6  Complaint, Defendants deny generally and specifically each and every allegation

7  contained in said paragraph.

8      72.    Answering the allegations of Paragraph 72 of the First Amended

9  Complaint, Defendants deny generally and specifically each and every allegation

10  contained in said paragraph.

11      73.    Answering the allegations of Paragraph 73 of the First Amended

12  Complaint, Defendants deny generally and specifically each and every allegation

13  contained in said paragraph.

14      74.    Answering the allegations of Paragraph 74 of the First Amended

15  Complaint, Defendants deny generally and specifically each and every allegation

16  contained in said paragraph.

17      75.    Answering the allegations of Paragraph 75 of the First Amended

18  Complaint, Defendants deny generally and specifically each and every allegation

19  contained in said paragraph.

20      76.    Answering the allegations of Paragraph 76 of the First Amended

21  Complaint, Defendants deny generally and specifically each and every allegation

22  contained in said paragraph.

23      77.    Answering the allegations of Paragraph 77 of the First Amended

24  Complaint, Defendants admit that the R&H 2010 Federal corporate income tax return

25  reads as it does and that Defendants relied in good faith on the advice and opinions

26  given by independent accountants. Except as so admitted, Defendants deny generally

27  and specifically each and every allegation contained in said paragraph.

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

78.    Answering the allegations of Paragraph 78 of the First Amended Complaint, Defendants admit that Hughes' testimony reads as it does. Except as so admitted, Defendants deny generally and specifically each and every allegation contained in said paragraph.

79.    Answering the allegations of Paragraph 79 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

80.    Answering the allegations of Paragraph 80 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

81.    Answering the allegations of Paragraph 81 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

82.    Answering the allegations of Paragraph 82 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

83.    Answering the allegations of Paragraph 83 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

84.    Answering the allegations of Paragraph 84 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

85.    Answering the allegations of Paragraph 85 of the First Amended Complaint, Defendants incorporate their responses set forth above.

86.    Paragraph 86 of the First Amended Complaint contains legal conclusions, to which no response is required.

87.    Answering the allegations of Paragraph 87 of the First Amended

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

88.    Answering the allegations of Paragraph 88 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

89.    Answering the allegations of Paragraph 89 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

90.    Answering the allegations of Paragraph 90 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

91.    Answering the allegations of Paragraph 91 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

92.    Answering the allegations of Paragraph 92 of the First Amended Complaint, Defendants incorporate their responses set forth above.

93.    Paragraph 93 of the First Amended Complaint contains legal conclusions, to which no response is required.

94.    Paragraph 94 of the First Amended Complaint contains legal conclusions, to which no response is required.

95.    Answering the allegations of Paragraph 95 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

96.    Answering the allegations of Paragraph 96 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

14

and specifically each and every allegation contained in said paragraph.

97.    Answering the allegations of Paragraph 97 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

98.    Answering the allegations of Paragraph 98 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

99.    Answering the allegations of Paragraph 99 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

100.    Answering the allegations of Paragraph 100 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

101.    Answering the allegations of Paragraph 101 of the First Amended Complaint, Defendants incorporate their responses set forth above.

102.    Answering the allegations of Paragraph 102 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

103.    Answering the allegations of Paragraph 103 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

104.    Answering the allegations of Paragraph 104 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

105. Answering the allegations of Paragraph 105 of the First Amended Complaint, Defendants incorporate their responses set forth above.

106. Answering the allegations of Paragraph 106 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

107. Answering the allegations of Paragraph 107 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

108. Answering the allegations of Paragraph 108 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

109. Answering the allegations of Paragraph 109 of the First Amended Complaint, Defendants incorporate their responses set forth above.

110. Answering the allegations of Paragraph 110 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

111. Answering the allegations of Paragraph 111 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

112. Answering the allegations of Paragraph 112 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

113. Answering the allegations of Paragraph 113 of the First Amended Complaint, Defendants incorporate their responses set forth above.

114. Paragraph 114 of the First Amended Complaint contains a legal conclusion, to which no response is required.

115. Answering the allegations of Paragraph 115 of the First Amended

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

116. Answering the allegations of Paragraph 116 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

117. Answering the allegations of Paragraph 117 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

118. Answering the allegations of Paragraph 118 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

119. Answering the allegations of Paragraph 119 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

120. Answering the allegations of Paragraph 120 of the First Amended Complaint, Defendants incorporate their responses set forth above.

121. Paragraph 121 of the First Amended Complaint contains a legal conclusion, to which no response is required.

122. Answering the allegations of Paragraph 122 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

123. Answering the allegations of Paragraph 123 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

124. Answering the allegations of Paragraph 124 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

125. Answering the allegations of Paragraph 125 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

126. Answering the allegations of Paragraph 126 of the First Amended Complaint, Defendants incorporate their responses set forth above.

127. Paragraph 127 of the First Amended Complaint contains a legal conclusion, to which no response is required.

128. Answering the allegations of Paragraph 128 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

129. Answering the allegations of Paragraph 129 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

130. Answering the allegations of Paragraph 130 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

131. Answering the allegations of Paragraph 131 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

132. Answering the allegations of Paragraph 132 of the First Amended Complaint, Defendants incorporate their responses set forth above.

133. Paragraph 133 of the First Amended Complaint contains a legal conclusion, to which no response is required.

134. Answering the allegations of Paragraph 134 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

135. Answering the allegations of Paragraph 135 of the First Amended

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

136. Answering the allegations of Paragraph 136 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

137. Answering the allegations of Paragraph 137 of the First Amended Complaint, Defendants incorporate their responses set forth above.

138. Paragraph 138 of the First Amended Complaint contains a legal conclusion, to which no response is required.

139. Answering the allegations of Paragraph 139 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

140. Answering the allegations of Paragraph 140 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

141. Answering the allegations of Paragraph 141 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

142. Answering the allegations of Paragraph 142 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

143. Answering the allegations of Paragraph 143 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

144. Answering the allegations of Paragraph 144 of the First Amended Complaint, Defendants incorporate their responses set forth above.

145. Paragraph 145 of the First Amended Complaint contains a legal

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

conclusion, to which no response is required.

146.    Answering the allegations of Paragraph 146 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

147.    Answering the allegations of Paragraph 147 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

148.    Answering the allegations of Paragraph 148 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

149.    Answering the allegations of Paragraph 149 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

150.    Answering the allegations of Paragraph 150 of the First Amended Complaint, Defendants incorporate their responses set forth above.

151.    Paragraph 151 of the First Amended Complaint contains a legal conclusion, to which no response is required.

152.    Answering the allegations of Paragraph 152 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

153.    Answering the allegations of Paragraph 153 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

154.    Answering the allegations of Paragraph 154 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

155.    Answering the allegations of Paragraph 155 of the First Amended

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 386-2400

ANSWER TO FIRST AMENDED COMPLAINT

1  Complaint, Defendants deny generally and specifically each and every allegation

2  contained in said paragraph.

3      156.  Answering the allegations of Paragraph 156 of the First Amended

4  Complaint, Defendants incorporate their responses set forth above.

5      157.  Paragraph 157 of the First Amended Complaint contains a legal

6  conclusion, to which no response is required.

7      158.  Answering the allegations of Paragraph 158 of the First Amended

8  Complaint, Defendants deny generally and specifically each and every allegation

9  contained in said paragraph.

10      159.  Answering the allegations of Paragraph 159 of the First Amended

11  Complaint, Defendants deny generally and specifically each and every allegation

12  contained in said paragraph.

13      160.  Answering the allegations of Paragraph 160 of the First Amended

14  Complaint, Defendants deny generally and specifically each and every allegation

15  contained in said paragraph.

16      161.  Answering the allegations of Paragraph 161 of the First Amended

17  Complaint, Defendants incorporate their responses set forth above.

18      162.  Paragraph 162 of the First Amended Complaint contains legal conclusions,

19  to which no response is required.

20      163.  Answering the allegations of Paragraph 163 of the First Amended

21  Complaint, Defendants deny generally and specifically each and every allegation

22  contained in said paragraph.

23      164.  Answering the allegations of Paragraph 164 of the First Amended

24  Complaint, Defendants deny generally and specifically each and every allegation

25  contained in said paragraph.

26      165.  Answering the allegations of Paragraph 165 of the First Amended

27  Complaint, Defendants deny generally and specifically each and every allegation

28

SPOLN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

1  contained in said paragraph.

2      166.  Answering the allegations of Paragraph 166 of the First Amended

3  Complaint, Defendants deny generally and specifically each and every allegation

4  contained in said paragraph.

5      167.  Answering the allegations of Paragraph 167 of the First Amended

6  Complaint, Defendants incorporate their responses set forth above.

7      168.  Paragraph 168 of the First Amended Complaint contains legal conclusions,

8  to which no response is required.

9      169.  Answering the allegations of Paragraph 169 of the First Amended

10  Complaint, Defendants deny generally and specifically each and every allegation

11  contained in said paragraph.

12      170.  Answering the allegations of Paragraph 170 of the First Amended

13  Complaint, Defendants deny generally and specifically each and every allegation

14  contained in said paragraph.

15      171.  Answering the allegations of Paragraph 171 of the First Amended

16  Complaint, Defendants deny generally and specifically each and every allegation

17  contained in said paragraph.

18      172.  Answering the allegations of Paragraph 172 of the First Amended

19  Complaint, Defendants deny generally and specifically each and every allegation

20  contained in said paragraph.

21      173.  Answering the allegations of Paragraph 173 of the First Amended

22  Complaint, Defendants incorporate their responses set forth above.

23      174.  Paragraph 174 of the First Amended Complaint contains legal conclusions,

24  to which no response is required.

25      175.  Answering the allegations of Paragraph 175 of the First Amended

26  Complaint, Defendants deny generally and specifically each and every allegation

27  contained in said paragraph.

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

176.   Answering the allegations of Paragraph 176 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

177.   Answering the allegations of Paragraph 177 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

178.   Answering the allegations of Paragraph 178 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

179.   Answering the allegations of Paragraph 179 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

180.   Answering the allegations of Paragraph 180 of the First Amended Complaint, Defendants incorporate their responses set forth above.

181.   Paragraph 181 of the First Amended Complaint contains legal conclusions, to which no response is required.

182.   Answering the allegations of Paragraph 182 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

183.   Answering the allegations of Paragraph 183 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

184.   Answering the allegations of Paragraph 184 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

185.   Answering the allegations of Paragraph 185 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

contained in said paragraph.

186.    Answering the allegations of Paragraph 186 of the First Amended Complaint, Defendants incorporate their responses set forth above.

187.    Paragraph 187 of the First Amended Complaint contains legal conclusions, to which no response is required.

188.    Answering the allegations of Paragraph 188 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

189.    Answering the allegations of Paragraph 189 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

190.    Answering the allegations of Paragraph 190 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

191.    Answering the allegations of Paragraph 191 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

192.    Answering the allegations of Paragraph 192 of the First Amended Complaint, Defendants incorporate their responses set forth above.

193.    Paragraph 193 of the First Amended Complaint contains legal conclusions, to which no response is required.

194.    Answering the allegations of Paragraph 194 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

195.    Answering the allegations of Paragraph 195 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

196. Answering the allegations of Paragraph 196 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

197. Answering the allegations of Paragraph 197 of the First Amended Complaint, Defendants incorporate their responses set forth above.

198. Answering the allegations of Paragraph 198 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

199. Paragraph 199 of the First Amended Complaint contains legal conclusions, to which no response is required.

200. Answering the allegations of Paragraph 200 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

201. Answering the allegations of Paragraph 201 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

202. Answering the allegations of Paragraph 202 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

203. Answering the allegations of Paragraph 203 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

ANSWER TO FIRST AMENDED COMPLAINT

204. Answering the allegations of Paragraph 204 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

205. Answering the allegations of Paragraph 205 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis deny generally and specifically each and every allegation contained in said paragraph.

206. Answering the allegations of Paragraph 206 of the First Amended Complaint, Defendants incorporate their responses set forth above.

207. Answering the allegations of Paragraph 207 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

208. Answering the allegations of Paragraph 208 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

209. Answering the allegations of Paragraph 209 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

210. Answering the allegations of Paragraph 210 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

211. Answering the allegations of Paragraph 211 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

212. Answering the allegations of Paragraph 212 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief as to

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

1  the truth of the allegations contained in said paragraph and on that basis deny generally

2  and specifically each and every allegation contained in said paragraph.

3      213.  Answering the allegations of Paragraph 213 of the First Amended

4  Complaint, Defendants incorporate their responses set forth above.

5      214.  Answering the allegations of Paragraph 214 of the First Amended

6  Complaint, Defendants deny generally and specifically each and every allegation

7  contained in said paragraph.

8      215.  Answering the allegations of Paragraph 215 of the First Amended

9  Complaint, Defendants deny generally and specifically each and every allegation

10  contained in said paragraph.

11      216.  Answering the allegations of Paragraph 216 of the First Amended

12  Complaint, Defendants deny generally and specifically each and every allegation

13  contained in said paragraph.

14      217.  Answering the allegations of Paragraph 217 of the First Amended

15  Complaint, Defendants incorporate their responses set forth above.

16      218.  Answering the allegations of Paragraph 218 of the First Amended

17  Complaint, Defendants deny generally and specifically each and every allegation

18  contained in said paragraph.

19      219.  Answering the allegations of Paragraph 219 of the First Amended

20  Complaint, Defendants deny generally and specifically each and every allegation

21  contained in said paragraph.

22      220.  Answering the allegations of Paragraph 220 of the First Amended

23  Complaint, Defendants deny generally and specifically each and every allegation

24  contained in said paragraph.

25      221.  Answering the allegations of Paragraph 221 of the First Amended

26  Complaint, Defendants deny generally and specifically each and every allegation

27  contained in said paragraph.

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

222. Answering the allegations of Paragraph 222 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

223. Answering the allegations of Paragraph 223 of the First Amended Complaint, Defendants incorporate their responses set forth above.

224. Answering the allegations of Paragraph 224 of the First Amended Complaint, Defendants admit that the bankruptcy record reads as it does.

225. Answering the allegations of Paragraph 225 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

226. Answering the allegations of Paragraph 226 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

227. Answering the allegations of Paragraph 227 of the First Amended Complaint, Defendants incorporate their responses set forth above.

228. Answering the allegations of Paragraph 228 of the First Amended Complaint, Defendants admit that the bankruptcy record reads as it does and that Hughes has filed a valid claim.

229. Answering the allegations of Paragraph 229 of the First Amended Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

230. Answering the allegations of Paragraph 230 of the First Amended Complaint, Defendants incorporate their responses set forth above.

231. Answering the allegations of Paragraph 231 of the First Amended Complaint, Defendants admit that the bankruptcy record reads as it does and that Ts'o has filed a valid claim.

232. Answering the allegations of Paragraph 232 of the First Amended

SPOLIN COHEN MANZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

1  Complaint, Defendants deny generally and specifically each and every allegation

2  contained in said paragraph.

3      233.  Answering the allegations of Paragraph 233 of the First Amended

4  Complaint, Defendants incorporate their responses set forth above.

5      234.  Answering the allegations of Paragraph 234 of the First Amended

6  Complaint, Defendants admit that the bankruptcy record reads as it does.

7      235.  Answering the allegations of Paragraph 235 of the First Amended

8  Complaint, Defendants lack sufficient knowledge or information to form a belief as to

9  the truth of the allegations contained in said paragraph and on that basis deny generally

10  and specifically each and every allegation contained in said paragraph.

11      236.  Answering the allegations of Paragraph 236 of the First Amended

12  Complaint, Defendants incorporate their responses set forth above.

13      237.  Answering the allegations of Paragraph 237 of the First Amended

14  Complaint, Defendants admit that the bankruptcy record reads as it does.

15      238.  Answering the allegations of Paragraph 238 of the First Amended

16  Complaint, Defendants lack sufficient knowledge or information to form a belief as to

17  the truth of the allegations contained in said paragraph and on that basis deny generally

18  and specifically each and every allegation contained in said paragraph.

19      239.  Answering the allegations of Paragraph 239 of the First Amended

20  Complaint, Defendants incorporate their responses set forth above.

21      240.  Answering the allegations of Paragraph 240 of the First Amended

22  Complaint, Defendants admit that the bankruptcy record reads as it does.

23      241.  Answering the allegations of Paragraph 241 of the First Amended

24  Complaint, Defendants lack sufficient knowledge or information to form a belief as to

25  the truth of the allegations contained in said paragraph and on that basis deny generally

26  and specifically each and every allegation contained in said paragraph.

27      242.  Answering the allegations of Paragraph 242 of the First Amended

28

ANSWER TO FIRST AMENDED COMPLAINT

1  Complaint, Defendants incorporate their responses set forth above.

2      243.  Answering the allegations of Paragraph 243 of the First Amended

3  Complaint, Defendants admit that the bankruptcy record reads as it does.

4      244.  Answering the allegations of Paragraph 244 of the First Amended

5  Complaint, Defendants lack sufficient knowledge or information to form a belief as to

6  the truth of the allegations contained in said paragraph and on that basis deny generally

7  and specifically each and every allegation contained in said paragraph.

8      245.  Answering the allegations of Paragraph 245 of the First Amended

9  Complaint, Defendants incorporate their responses set forth above.

10     246.  Answering the allegations of Paragraph 246 of the First Amended

11  Complaint, Defendants admit that the bankruptcy record reads as it does.

12     247.  Answering the allegations of Paragraph 247 of the First Amended

13  Complaint, Defendants lack sufficient knowledge or information to form a belief as to

14  the truth of the allegations contained in said paragraph and on that basis deny generally

15  and specifically each and every allegation contained in said paragraph.

16     248.  Answering the allegations of Paragraph 248 of the First Amended

17  Complaint, Defendants incorporate their responses set forth above.

18     249.  Answering the allegations of Paragraph 249 of the First Amended

19  Complaint, Defendants admit that the bankruptcy record reads as it does and that RHM

20  has filed a valid claim

21     250.  Answering the allegations of Paragraph 250 of the First Amended

22  Complaint, Defendants deny generally and specifically each and every allegation

23  contained in said paragraph.

24     251.  Answering the allegations of Paragraph 251 of the First Amended

25  Complaint, Defendants deny generally and specifically each and every allegation

26  contained in said paragraph.

27     252.  Answering the allegations of Paragraph 252 of the First Amended

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

Complaint, Defendants deny generally and specifically each and every allegation contained in said paragraph.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses with respect to the purported claims for relief alleged in the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim FRCP 12(b)(6))

As and for a separate and affirmative defense to the First Amended Complaint, Defendants assert that each claim for relief alleged in the First Amended Complaint fails to state a claim upon which relief can be granted, and pursuant to Federal Rule of Civil Procedure 12(b)(6) (made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012), the First Amended Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE
### (Business Judgment Rule)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants assert that they are not liable in the capacity in which they have been sued in that at all times they were exercising their best business judgment and cannot be held liable for their acts, actions and omissions pursuant to the Business Judgment Rule.

## THIRD AFFIRMATIVE DEFENSE
### (Setoff/Recoupment)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants are informed and believe, and on that basis allege, that Defendants are entitled to setoff and recoupment against the full amount of any judgment that might be entered against them.

## FOURTH AFFIRMATIVE DEFENSE
### (Reasonably Equivalent Value – 11 U.S.C. § 548(a)(1)(B)(i))

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

1   To the extent Defendants received any transfers, Defendants gave reasonably

2   equivalent value for such transfers.

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value – 11 U.S.C. § 548(a)(1)(B)(i))

5   To the extent Defendants received any transfers, Defendants have not retained

6   any benefit for which they have failed to compensate the Debtor.

### SIXTH AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value – 11 U.S.C. § 548(a)(1)(B)(i))

9   To the extent Defendants received any transfers, the Debtor provided no benefit

10   to Defendants for which it did not receive consideration.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Damage)

13   As and for a separate and affirmative defense to the First Amended Complaint,

14   Defendants, without admitting that the First Amended Complaint states a claim, assert

15   that the First Amended Complaint is barred, in whole or in part, because neither the

16   Trustee nor Rhythm and Hues, Inc. has sustained any loss, damage, harm or detriment

17   in any amount.

### EIGHTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

20   As and for a separate and affirmative defense to the First Amended Complaint,

21   Defendants, without admitting that the First Amended Complaint states a claim, assert

22   that the relief alleged in the First Amended Complaint should be limited to the extent

23   that the First Amended Complaint seeks overlapping and duplicative recovery based on

24   various claims against Defendants for any alleged single wrong.

### NINTH AFFIRMATIVE DEFENSE

### (Waiver)

27   As and for a separate and affirmative defense to the First Amended Complaint,

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

Defendants are informed and believe, and on that basis allege, that by reason of conduct, acts, representations, and admissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against Defendants regarding the matters that are the subject of the First Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants are informed and believe, and on that basis allege, that Plaintiff is barred from recovering under the First Amended Complaint by reason of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Indemnification)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the Rhythm and Hues, Inc. bankruptcy estate is obligated to indemnify Defendants for any damages awarded.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred by the applicable statute of limitations including, but not limited to, Cal. Code Civ. Proc. §§ 343 and 359, Cal. Corp. Code § 17707.07, Cal. Civ. Code §3439.09, and 11 U.S.C. § 548 (a)(1).

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants are informed and believe, and on that basis allege, that Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants allege that he/she/it acted in good faith and are entitled to all good faith defenses, including without limitation, 11 U.S.C. §§ 548(c) and 550 and applicable state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Solvency of Debtor)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants are informed and believe, and on that basis allege, that the Debtor was solvent at all relevant times in which Plaintiff alleges that the Debtor was insolvent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Constitutional Authority)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants assert that the Bankruptcy Court lacks constitutional authority to adjudicate, on a final basis, fraudulent transfer and equitable subordination claims filed against a creditor who has filed a proof of claim.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reliance on Others)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that they are entitled to rely on the expert opinions and advice given by counsel,

1  independent accountants, experts and others as to matters that Defendants believe to be

2  within such individuals' professional or expert competence and that such other

3  individuals are obligated to indemnify Defendants for any damages awarded.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

6  As and for a separate and affirmative defense to the First Amended Complaint,

7  Defendants, without admitting that the First Amended Complaint states a claim, assert

8  that the First Amended Complaint is barred in whole or in part because the Plaintiff

9  failed to fulfill his duty to mitigate, reduce, or otherwise avoid the stated damages, and

10 is therefore barred from recovering such damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Inability to Recover Monetary Award Under Delaware Code § 102 (b)(7))

13 As and for a separate and affirmative defense to the First Amended Complaint,

14 Defendants, without admitting that the First Amended Complaint states a claim, assert

15 that the First Amended Complaint is barred in whole in or in part because R&H's

16 Articles of Incorporation includes clauses, adopted pursuant to 8 Del. Code § 102(b)(7),

17 that eliminate the personal liability of R&H's directors for any monetary award, unless

18 they breach their duty of loyalty or act in bad faith, and R&H's directors, including

19 Defendants, did not do so.

### TWENTY FIRST AFFIRMATIVE DEFENSE

### (Attorneys' Fees Not Recoverable)

22 As and for a separate and affirmative defense to the First Amended Complaint,

23 Defendants, without admitting that the First Amended Complaint states a claim, assert

24 that Plaintiff is precluded from recovering his attorneys' fees from Defendants.

### TWENTY SECOND AFFIRMATIVE DEFENSE

### (Superseding and Intervening Acts)

27 As and for a separate and affirmative defense to the First Amended Complaint,

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

Defendants, without admitting that the First Amended Complaint states a claim, assert that any damage allegedly sustained by Plaintiff was caused, in whole or in part, by the superseding and intervening acts and omissions of persons or entities for whose conduct Defendants are not responsible.

**TWENTY THIRD AFFIRMATIVE DEFENSE**

**(No Prejudgment Interest)**

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that any claim for prejudgment interest is barred as to any purported count for which such relief is not available to Plaintiff.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the alleged damages are speculative and hence non-compensable.

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

**(Conduct Not Wrongful)**

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part because the conduct of Defendants was not wrongful or otherwise unlawful.

**TWENTY SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part because the Board of Directors of R&H consented to and/or ratified the conduct of the Board Members and

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

36

ANSWER TO FIRST AMENDED COMPLAINT

management alleged to have occurred.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part because the Estate would be unjustly enriched if Plaintiff were allowed to recover any part of the damages alleged in the First Amended Complaint.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

### (Immunity from Personal Liability)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part because Defendants were at all times and with respect to all purported acts or omissions complained of, acting within the course and scope of their employment at R&H, precluding personal liability under common law, the agent's immunity rule given their employment by R&H, and California Labor Code § 2802.

## TWENTY NINTH AFFIRMATIVE DEFENSE

### (Privilege)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part because the conduct of Defendants was privileged including, but not limited to, an exercise of business and managerial judgment that was privileged.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

As and for a separate and affirmative defense to the First Amended Complaint,

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part by the Economic Loss Rule.

## THIRTY FIRST AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part because Plaintiff has failed to join indispensable parties.

## THIRTY SECOND AFFIRMATIVE DEFENSE
### (Lack of Causation)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants, without admitting that the First Amended Complaint states a claim, assert that the First Amended Complaint is barred in whole in or in part because Defendants' conduct, if any, was not the "but for" cause of the alleged damage.

## ADDITIONAL AFFIRMATIVE DEFENSES
### (Reservation of Rights and Non-Waiver)

As and for a separate and affirmative defense to the First Amended Complaint, Defendants assert that the First Amended Complaint does not describe the claims with sufficient certainty or particularity pursuant to Federal Rules of Civil Procedure 8(a) and 9(b) to enable Defendants to determine what obligations or defenses may exist. Therefore, Defendants reserve all of their legal and equitable rights, including without limitation, the right to amend this pleading to assert other defenses based upon new facts obtained through discovery or existing facts whose legal import becomes clear through discovery.

## RESPONSE TO PRAYER FOR RELIEF

Answering the allegations of the Prayer, Defendants deny generally and

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

38

specifically each and every allegation contained therein and allege that the Trustee take nothing by his First Amended Complaint and that all relief requested be denied.

## PRAYER FOR RELIEF

WHERFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his First Amended Complaint;

2. That Defendants be awarded their costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems just and proper.

Dated: May 24, 2016                         SPOLIN COHEN MAINZER LLP

By:      /s/ Brian E. Shear
_____
BRIAN E. SHEAR
Attorneys for Defendants
JOHN HUGHES, PAULINE TS'O,
CCC DIAGNOSTICS LLC, 2100
GRAND, LLC and RHYTHM & HUES
SDN. BHD

ANSWER TO FIRST AMENDED COMPLAINT

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

1

## JURY DEMAND

2

Pursuant to Federal Rule of Bankruptcy Procedure 9015, Defendants demand a

3

trial by jury for all issues so triable and reserve all rights under *Stern v. Marshall*, 131

4

S.Ct. 2594 (2011); *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 567 (9th Cir.

5

2012), *aff'd sub nom Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165 (2014).

6

7

8

Dated: May 24, 2016                    SPOLIN COHEN MAINZER LLP

9

10                                     By:    /s/ Brian E. Shear

11                                            _____
                                              BRIAN E. SHEAR
12                                            Attorneys for Defendants
                                              JOHN HUGHES, PAULINE TS'O,
13                                            CCC DIAGNOSTICS LLC, 2100
                                              GRAND, LLC and RHYTHM & HUES
14                                            SDN. BHD

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SPOLIN COHEN MAINZER LLP
1230 Rosecrans Avenue, Suite 600
Manhattan Beach, California 90266
(310) 586-2400

ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1230 Rosecrans Avenue, Suite 600, Manhattan Beach, CA 90266.

A true and correct copy of the foregoing document entitled (*specify*): ANSWER TO FIRST AMENDED COMPLAINT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 05/24/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Todd M Arnold    tma@lnbyb.com
Joshua T Foust    jtfoust@mintz.com, docketing@mintz.com;rhecf@mintz.com
James Andrew Hinds    jhinds@jhindslaw.com, zbilowit@jhindslaw.com
Gary E Klausner    gek@lnbyb.com
John B Marcin    jbm@marcin.com, kej@marcin.com
Abigail V O'Brient    avobrient@mintz.com, docketing@mintz.com
Keith C Owens    kowens@venable.com, bclark@venable.com;khoang@venable.com;DGlge@venable.com
Paul R Shankman    pshankman@jhindslaw.com
Brian E Shear    shear@sposilco.com, croot@sposilco.com
Angela J Somers    asomers@rctlegal.com, lbroussard@rctlegal.com;abahr@rctlegal.com
Scott J Spolin    spolin@sposilco.com, meglic@sposilco.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Brian Barouir Yeretzian    byeretzian@jhindslaw.com, yeretzian@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/24/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attorney for Prashant Buyyala
Michael Maher, Esq.
MAHER & MAHER
6521 E. Waterton Ave
Orange, CA 92867

Attorney for Raymond Feeney
Joseph J Ybarra, Esq.
Huang Ybarra Singer & May LLP
550 South Hope St, Suite 1850
Los Angeles, CA 90071

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 05/24/2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Neil W. Bason
255 E. Temple Street
Suite 1552, Courtroom 1545
Los Angeles, CA 90012

☐ Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/24/2016 | Lisa Croot | /s/ Lisa Croot |
|------------|------------|----------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**